**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:17-cv-00304-WJM-MJW

PEACE OFFICERS' ANNUITY AND BENEFIT FUND OF GEORGIA, Individually and on
Behalf of All Others Similarly Situated, and
JACKSONVILLE POLICE AND FIRE PENSION FUND, Individually and on Behalf of All
Others Similarly Situated,

       Plaintiffs,

v.

DAVITA INC.,
KENT J. THIRY,
JAMES K. HILGER, and
JAVIER J. RODRIGUEZ,

       Defendants.

---

**LEAD PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE A SURREPLY TO
DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

---

Lead Plaintiffs Peace Officers' Annuity and Benefit Fund of Georgia and the Jacksonville Police and Fire Pension Fund hereby respectfully move for entry of an Order granting Lead Plaintiffs leave to file a Surreply of no more than four pages in length in response to Defendants DaVita Inc., Kent J. Thiry, James K. Hilger, and Javier J. Rodriguez's Reply Memorandum of Law in Further Support of Their Motion to Dismiss Amended Complaint (Dkt. No. 48, the "Reply"), filed on July 20, 2018.   Lead Plaintiffs' unopposed Motion is based upon the grounds set forth below.

## CONFERRAL PURSUANT TO D.C.COLO.LCIVR 7.1

In accordance with Local Rule 7.1(a), prior to filing this motion, on July 31, 2018, counsel for Lead Plaintiffs conferred with counsel for Defendants in a good-faith effort to resolve the issues raised by this Motion, and namely whether Lead Plaintiffs should be afforded an opportunity to submit a surreply in response to Defendants' arguments based on new authority cited for the first time on Reply, *Hogan v. Pilgrim's Pride Corporation*, No. 16-cv-02611-RBJ, 2018 WL 1316979 (D. Colo. Mar. 14, 2018).   Defendants filed their Motion to Dismiss on March 27, 2018, or nearly two full weeks after *Hogan* was decided, yet did not cite or mention *Hogan* in that Motion.

Defendants have advised that they do not oppose this motion and have asked Lead Plaintiffs to inform the Court that they do not believe *Hogan* was available on Westlaw on March 14, 2018.   However, as discussed in further detail below, *Hogan* was prominently featured in two national legal news articles, one of which was published on the same day that the opinion was issued, and the other, issued two days later, confirms that the opinion was made available on the LEXIS case law database by no later than March 16, 2018.

## **LEGAL ARGUMENT**

On March 27, 2018, Defendants moved to dismiss the Amended Class Action Complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) and the Private Securities Litigation Reform Act of 1995 (Dkt No. 43, the "Motion to Dismiss"). On June 6, 2018, Lead Plaintiffs filed a memorandum of law responding to the factual and legal arguments made by Defendants in their Motion to Dismiss (Dkt. No. 47, the "Opposition Brief").

On July 20, 2018, Defendants filed their Reply. In that Reply, Defendants cited, for the very first time, *Hogan v. Pilgrim's Pride Corporation*, No. 16-cv-02611-RBJ, 2018 WL 1316979 (D. Colo. Mar. 14, 2018)—a decision which Defendants contend supports their argument that Lead Plaintiffs failed to plead the illicit steering scheme with sufficient particularity. *See* Reply Brief at 1-4. Indeed, although Defendants failed to even mention *Hogan* in their Motion to Dismiss, that case now supposedly mandates dismissal of Plaintiffs' claims.

While Defendants claim they were unaware of *Hogan* prior to filing their Motion to Dismiss, there can be no dispute that the decision was publicly available well before that time. *Hogan* was decided on March 14, 2018, nearly two full weeks before Defendants filed their Motion to Dismiss on March 27, 2018. Moreover, *Law 360* published an article highlighting *Hogan* the same day it was issued,[1] and it was featured on *Lexis Legal News* and made available on the LEXIS case law database immediately thereafter.[2]

Defendants' failure to cite *Hogan* in a timely fashion has deprived Lead Plaintiffs of the opportunity to address that case, and to make clear that it has no bearing here. For this reason,

---

[1] *See* "Pilgrim's Pride Ducks Investors' Chicken Price-Fixing Suit" (Mar. 14, 2018), *Law 360*, available at https://www.law360.com/articles/1022391.

[2] *See* Mar. 16, 2018, *Lexis Legal News*, available at https://www.lexislegalnews.com/articles/25123/securities-suit-dismissed-for-failure-to-plead-underlying-antitrust-conspiracy (providing the LEXIS citation for *Hogan*).

Lead Plaintiffs should be granted leave to submit a surreply to address Defendants' arguments based on the newly cited authority.  *See E.E.O.C. v. Outback Steak House of Fla., Inc.,* 520 F.Supp.2d 1250, 1260-61 (D. Colo. 2007) ("When a party puts forth new arguments in a reply brief, a court may avoid error by either: (1) choosing not to rely on the new arguments in determining the outcome of the motion; or (2) permitting the nonmoving party to file a surreply") (citing *Pippin v. Burlington Resources Oil & Gas Co.,* 440 F.3d 1186, 1192 (10th Cir.2006)).  Good cause exists for the filing of a surreply here because, absent an opportunity to respond, Lead Plaintiffs may be prejudiced by Defendants' incorrect and misleading analysis of the holding in *Hogan*.[3]  *See Robinson v. City and County of Denver*, 2014 WL 1395758, at *1 (D. Colo. Apr. 10, 2014) (allowing plaintiff to file a surreply to address "new authority [in defendant's reply] that had never been raised").

## CONCLUSION

For the foregoing reasons, the Court should permit Lead Plaintiffs to file a surreply of no more than four pages in response to Defendants' Reply in Support of Their Motion to Dismiss.[4]

---

[3] Pursuant to Judge Martinez' Practice Standards Section III.K, "[n]o sur-reply, supplemental brief, or supplemental 'notice' (beyond that provided for in III.J, above) may be filed without prior leave of Court granted for good cause shown."

[4] In the alternative, if the Court chooses not to grant Lead Plaintiffs leave to file a surreply, the Court should strike or otherwise not consider Defendants' arguments based on *Hogan*.  *See Pippin*, 440 F.3d at 1192.  As is well-settled in this Circuit, and as this Court recently held, because Defendants' arguments were "raised for the first time in the reply brief, these arguments should be forfeited" for purposes of the Motion to Dismiss.  *McFadden v. Meeker Hous. Auth.*, 2018 WL 3368411, at *3 (D. Colo. July 10, 2018) (Martinez, J.); *see also United States v. Harrell,* 642 F.3d 907, 918 (10th Cir. 2011) ("arguments raised for the first time in a reply brief are generally deemed waived"); *In re Molycorp, Inc. Sec. Litig.*, 157 F. Supp. 3d 987, 1003 fn. 10 (D. Colo. 2016) ("the Court chooses not to rely on Defendants more fully articulated argument in its reply brief that the complained-of-statements are forward-looking").

Dated:  August 1, 2018

Respectfully Submitted,

*/s/ Joseph E. White, III*
Joseph E. White, III

SAXENA WHITE P.A.
Maya Saxena
Joseph E. White, III
Lester R. Hooker
Dianne M. Anderson
150 East Palmetto Park Road
Suite 600
Boca Raton, FL 33432
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com
danderson@saxenawhite.com

-and-

Steven B. Singer
Kyla Grant
SAXENA WHITE P.A.
10 Bank Street, 8th Floor
White Plains, New York 10606
Telephone: (914) 437-8551
Facsimile: (888) 631-3611
ssinger@saxenawhite.com
kgrant@saxenawhite.com

*Lead Counsel for the Class*

Kip B. Shuman (23593)
Rusty E. Glenn (39183)
THE SHUMAN LAW FIRM
600 17th Street, Ste. 2800 South
Denver, CO 80202
Telephone:  303-861-3003
303-536-7849 (fax)
kip@shumanlawfirm.com
rusty@shumanlawfirm.com

*Local Counsel for the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of August 2018, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the all registered participants.

/s/ Joseph E. White, III
Joseph E. White, III