IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-0304-WJM-NRN

PEACE OFFICERS' ANNUITY AND BENEFIT FUND OF GEORGIA, Individually and on Behalf of All Others Similarly Situated, and
JACKSONVILLE POLICE AND FIRE PENSION FUND, Individually and on Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

DAVITA INC.,
KENT J. THIRY,
JAMES K. HILGER, and
JAVIER J. RODRIGUEZ,

      Defendants.

## ORDER GRANTING LEAD PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Peace Officers' Annuity and Benefit Fund of Georgia and the Jacksonville Police and Fire Pension Fund (jointly, "Lead Plaintiffs") bring this lawsuit against Defendants DaVita Inc., Kent J. Thiry, James K. Hilger, and Javier J. Rodriguez (collectively, "Defendants") for alleged violations of federal securities laws by making materially false and misleading statements and omissions regarding Defendants' alleged scheme to "steer" all patients eligible for and/or enrolled in Medicare and/or Medicaid away from government plans and into high-cost commercial insurance so DaVita could obtain higher dialysis reimbursement rates.  (ECF No. 36.)

Before the Court is Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion").  (ECF No. 103.)  Having reviewed the

Stipulation and Agreement of Settlement (the "Settlement Agreement") dated September 18, 2020 (ECF No. 103-1), and the other exhibits attached to the Motion (ECF Nos. 103-2–103-6), and being fully advised by the parties of all pertinent facts and law, IT IS HEREBY ORDERED THAT:[1]

1. Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 103) is GRANTED.

2. For settlement purposes only, the Court preliminarily CERTIFIES a class with the following definition: "All persons and entities who purchased or otherwise acquired DaVita common stock during the period between February 26, 2015 and October 6, 2017, inclusive, and were damaged thereby." (the "Settlement Class"). The Court also finds that the Lead Plaintiffs have satisfied all of the requirements of Federal Rule of Civil Procedure 23(a) and at least one provision of Rule 23(b).

3. The Stipulation and Agreement of Settlement (ECF No. 103-1) is PRELIMINARILY APPROVED as fair and reasonable.

4. A hearing (the "Settlement Fairness Hearing") shall be held before this Court on **March 30, 2021 at 10:00 a.m., <u>in person</u>, in Courtroom A801 at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294-3289**, to: (a) determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court;

---

[1] Unless otherwise defined herein, all capitalized terms have the same meaning as they have in the Settlement Agreement.

(b) determine whether a Judgment, attached as Exhibit B to the Settlement Agreement, should be entered dismissing the Action with prejudice against the Defendant Releasees; (c) determine whether the proposed Plan of Allocation for the proceeds of the Settlement Agreement is fair and reasonable and should be approved; (d) determine whether the motion by lead Plaintiffs for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; (e) hear and determine any objections to the Settlement Agreement; and (f) rule on such other matters as the Court may deem appropriate.

5. The Court approves, as to form and content, the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses form (the "Notice") (ECF No. 103-3); the Claim Form (ECF No. 103-4); and the Summary Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses form (the "Summary Notice") (ECF No. 103-5), and finds that the mailing and posting of the Notice and Summary Notice, substantially in the manner and form set forth in the Settlement Agreement, meets the requirements of Federal Rule of Civil Procedure 23 and due process, are the best notice practicable under the circumstances, and shall constitute due and sufficient notice to the Settlement Class Members.

6. The Notice contains a *cy pres* provision stating that following the initial distribution and any re-distributions of funds in the Net Settlement Fund, at such time as it is determined that the re-distribution of funds remaining in the Net

       Settlement Fund is not cost-effective, the remaining balance will be contributed to a non-sectarian, not-for-profit, 501(c)(3) organization(s) to be recommended by Lead Counsel and approved by the Court, should the Court grant final approval.  (ECF No. 103-3 at 18.)  For purposes of preliminarily approving the Settlement Agreement, the Court is satisfied that the proposed *cy pres* award is the "next best use for indirect class benefit" for unclaimed settlement funds.  *See Bailes v. Lineage Logistics, LLC*, 2016 WL 4415356, at *7 (D. Kan. Aug. 19, 2016).

7. By **November 11, 2020**, DaVita shall provide or cause to be provided to the Claims Administrator records reasonably available to DaVita or its transfer agent concerning the identity and last known address of all Settlement Class Members.

8. By **November 27, 2020**, the Claims Administrator shall cause a copy of the Notice and Claim Form, substantially in the forms attached as Exhibits A-1 and A-2 (ECF Nos. 103-3, 103-4), respectively, to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records which DaVita caused to be provided, or who otherwise may be identified through further reasonable effort.

9. By **November 27, 2020**, the Claims Administrator shall cause copies of the Notice and Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded.

10. By **December 14, 2020**, the Claims Administrator shall cause the Summary Notice, substantially in the form attached as Exhibit A-3 (ECF No. 103-5), to be published once in *Investor's Business Daily* and to be transmitted once over *PR Newswire*.

11. By **December 21, 2020,** Lead Counsel shall file with the Court proof, by appropriate declaration, of such mailing and posting described in Paragraphs 7–9.

12. Notice Packets that are returned by the United States Postal Service ("USPS") as undeliverable will be reviewed for updated addresses and, where available, new addresses will be entered into the Claims Administrator's database and Notice Packets will be mailed to the updated addresses.  The Claims Administrator shall immediately re-mail any returned undelivered mail for which the USPS has provided a forwarding address.  The Claims Administrator shall attempt to locate anyone whose Notice Packet has been returned by USPS as undeliverable (and an updated address was not provided) by conducting a National Change of Address ("NCOA") search, given that the NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years.  Addresses found through NCOA searches will also be certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code, and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses.  Where an updated address was not available through a NCOA search, the Claims Administrator shall conduct

       internet searches or engage a third-party search firm or lookup service, such as LexisNexis® Public Records, to conduct more rigorous searches for persons whose Notice Packet is returned as undeliverable. The search efforts set forth in this Paragraph 11 shall be undertaken as soon as practicable, and all such efforts must by concluded by no later than **January 5, 2021.**

13. Settlement Class Members who wish to participate in the Settlement and to be potentially eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked by **March 20, 2021**.

14. Any Settlement Class Member who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice. A request for exclusion must be mailed or delivered such that it is received as set forth in the Notice by **February 16, 2021**.

15. The parties' motion for final approval of the Settlement Agreement, and Lead Counsel's motion for attorneys' fees and costs, shall be filed with the Court and served on any timely objectors by **February 23, 2021**. Any response, in opposition or otherwise, to either of these motions must be filed with the Court no later than **March 16, 2021.** Any reply in support of either of these motions shall be filed with the Court by **March 23, 2021**.

16. Any Settlement Class Member may appear and show cause, if he, she, or it has any reason why the Settlement should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, or why attorneys'

fees and expenses should not be awarded to Lead Counsel, or why a service award should not be awarded to each of the Class Representatives; provided; however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the settlement unless that person has, by **February 16, 2021**, filed a detailed objection in writing (described further below) with the Clerk of Court:

> Clerk of Court
> ATTN: Peace Officers' Annuity and Benefit Fund of Georgia v. DaVita Inc.,
> Civil Action No. 17-cv-0304-WJM-NRN
> Alfred A. Arraj United States Courthouse
> 901 19th Street
> Denver, CO 80294

An objection shall also be served on the following counsel postmarked no later than **February 16, 2021**:

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Saxena White P.A. | Morgan, Lewis & Bockius LLP |
| Lester R. Hooker, Esq. | Michael D. Blanchard, Esq. |
| 777 Glades Road, Suite 300 | One State Street |
| Boca Raton, FL 33434 | Hartford, CT 06103-3178 |

Such objections must contain the following information: (a) the Settlement Class Member's name, legal address, and telephone number; (b) proof of being a Settlement Class Member as of the Settlement Class Period; for example, proof of the date(s) the Settlement Class Member purchased the DaVita securities; (c) a statement of the Settlement Class Member's position with respect to the matters to be heard at the Settlement Fairness Hearing; and (d) the grounds for the objection or the reasons for the Settlement Class Member desiring to appear and to be heard.

      Any Settlement Class Member who fails to object or otherwise request to be heard in the manner prescribed above will be deemed to have waived the right to object to any aspect of the Settlement or to otherwise request to be heard (including the right to appeal) and will be forever barred from raising such objection or request to be heard in this or any other action or proceeding, and shall be bound by the Settlement, the judgment, and the releases given.

17. To the extent the parties believe there to be other deadlines necessary to implement the terms of the Settlement Agreement, the parties may agree on such deadlines among themselves, **provided none of these additional deadlines are inconsistent with any provision of this Order.**

18. Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class and Liaison Counsel (ECF No. 84) and Defendants' Amended Motion for Partial Reconsideration of the Court's Order Denying Motion to Dismiss (ECF No. 91) are DENIED without prejudice to refiling if the Settlement Agreement does not receive final Court approval.

Dated this 27th day of October, 2020.

BY THE COURT:

_William J. Martínez_
United States District Judge